LEON GREENBERG, ESQ.
Nevada Bar No.: 8094
DANA SNIEGOCKI, ESQ.
Nevada Bar No.: 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard - Suite E3
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

-------------------------------------------------x
BRYAN GONZALEZ,

      Plaintiffs,

vs.

DOUGLAS D. GERRARD, DELORES ELIADES, and ARISTOTELIS ELIADES, all d/b/a OLYMPIC GARDENS and/or OLYMPIC GARDEN,

      Defendants.
-------------------------------------------------

Case No.:

**COMPLAINT**

      The Plaintiff, BRYAN GONZALEZ, by and through his attorneys, Leon Greenberg Professional Corporation, as and for a Complaint against the defendants, states and alleges, as follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction over the claims alleged herein because Plaintiff seeks relief pursuant to the Fair Labor Standards Act ("FLSA") for the Defendants' failure to pay minimum wages and/or overtime wages as required by 29 U.S.C. § 201-218 et. seq.  The employment relationship alleged to exist between the parties is subject to the FLSA as the defendants are properly deemed "employers" because they have acted as "directly or indirectly in the interest of an employer in relation to any employee," and more specifically in

relation to the plaintiff, that the defendants have also done so on behalf of the interests of "an enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA that has in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods that have moved or were moving in interstate commerce, as those terms are defined in the FLSA.

2. Venue is proper in the United States District Court, District of Nevada, because Defendants conduct business in Clark County Nevada, Plaintiff resides in Clark County, Nevada, Plaintiff worked for defendants in Las Vegas, Nevada, and the acts complained of herein happened in or around Las Vegas, Nevada.

## PARTIES AND PRELIMINARY STATEMENT

3. The plaintiff, BRYAN GONZALEZ, is a resident of Clark County, Nevada, and a former employee, under the relevant provisions of the FLSA, of the defendants DOUGLAS D. GERRARD, DELORES ELIADES, and ARISTOTELIS ELIADES (collectively "the defendants"), as all of such persons have, as alleged *infra*, acted "directly or indirectly in the interest of an employer" in relation to the plaintiff, and all of the defendants are alleged to have been jointly and severally liable joint employers of the plaintiff during all relevant time periods they were so acting.

4. During the three years preceding the filing of this action the plaintiff was, as alleged *infra*, employed in the business known as the "Olympic Gardens" which business was owned, operated, managed and/or controlled, in full or in part, by one or more entities or individuals who are not named as defendants in this case and who are debtors in an action pending in the United States Bankruptcy Court, District of Nevada, in Case No. BK-S-12-11672-mkn ( the "OG Owners").   No relief is sought in this case against any of the OG Owners.

5.	The defendant, DOUGLAS D. GERRARD (hereinafter one of the "individual defendants") is a resident of Clark County and the State of Nevada, and was, on or about October 29, 2014, appointed by the United States Bankruptcy Court, District of Nevada, in Case No. BK-S-12-11672-mkn, a Receiver of the "Olympic Gardens" business that employed the plaintiff, such defendant being so appointed to, among other things, take action directly or indirectly in the interest of such business in respect to all persons employed by such business, including the plaintiff, and, as detailed *infra*, did take such actions in respect to the plaintiff.

6.	The defendant, DELORES ELIADES (hereinafter one of the "individual defendants"), a resident of Clark County and the State of Nevada, was empowered by the OG Owners that employed the plaintiff in the "Olympic Gardens" business to, among other things, take action directly or indirectly in the interest of such business in respect to all persons employed by such business, including the plaintiff, and, as detailed *infra*, did take such actions in respect to the plaintiff.

7.	The defendant, ARISTOTELIS ELIADES (hereinafter one of the "individual defendants"), a resident of Clark County and the State of Nevada, was empowered by the OG Owners that employed the plaintiff in the "Olympic Gardens" business to, among other things, take action directly or indirectly in the interest of such business in respect to all persons employed by such business, including the plaintiff, and, as detailed *infra*, did take such actions in respect to the plaintiff.

## FACTUAL ALLEGATIONS: THE PLAINTIFF'S RELATIONSHIP WITH THE OLYMPIC GARDENS

8. The Plaintiff, BRYAN GONZALEZ, worked as a doorman at the Las Vegas, Nevada topless gentlemen's club business as known as "Olympic Gardens" during the three years preceding the filing of this Complaint through August 2015. During all such time the legal owners of such business have been the OG Owners.

9. The nature of the work performed by the Plaintiff consisted of working the door at the Olympic Gardens. The duties performed by the plaintiff included, but were not limited to, checking identification of patrons upon arrival, recording and logging information related to the transportation of patrons to the Olympic Gardens including documenting the transportation company and driver who transported such patrons to Olympic Gardens, paying cash out of the Olympic Gardens funds to taxicab and limousine drivers for fees associated with transporting defendants' patrons to the Olympic Gardens, arranging for the Olympic Gardens patrons to be escorted to tables inside the club, performing some security functions at the entrance and exits of the Olympic Gardens, and escorting the Olympic Gardens's performers to their cars at the conclusion of such performers' shifts.

10. The work arrangement between the plaintiff and the Olympic Gardens was such that plaintiff was not paid any compensation for the labor described in paragraph 9 that the plaintiff performed and rather plaintiff performed such labor in exchange for whatever voluntary tips might be bestowed upon him by Olympic Gardens's patrons and/or such patrons' transportation drivers. Plaintiff was promised and paid no wages whatsoever from Olympic Gardens

business, the OG Owners, or the defendants in exchange for that labor.

11. Plaintiff performed all of the functions described in paragraphs 8 and 9 anywhere from four to seven nights per week and during many weeks worked in excess of 40 hours per week. Plaintiff received no wages from the Olympic Gardens business, the OG Owners, or the defendants in exchange for that labor.

**FACTUAL ALLEGATIONS: THE DEFENDANTS'
RELATIONSHIP WITH THE OLYMPIC GARDENS
AND WITH THE PLAINTIFF**

12. The defendants, DELORES ELIADES, and ARISTOTELIS ELIADES, during the three years preceding the filing of this complaint, and consistently prior to the appointment of defendant DOUGLAS D. GERRARD as receiver as alleged in paragraph 5, were authorized and empowered by the OG Owners, over which they also had substantial influence and control by virtue of, among other things, being officers, directors, owners and/or investors of or in the same, to take action directly or indirectly in the interests of the Olympic Gardens business in respect to all of its activities and all persons employed by such business, including the plaintiff. They did, in turn, exercise such power acting as *de facto* hands on managers of the Olympic Gardens business in respect to all of its operations. Such powers included decisions about hiring, firing, and compensating employees, determining the staffing levels and operational policies of such business and approving all such policies and decisions, if any, made by other, subordinate, managers of such business.

13. The defendant, DOUGLAS D. GERRARD, upon his appointment by the United States Bankruptcy Court, District of Nevada, as Receiver of the Olympic Gardens business on October 29, 2014, was empowered to take action

5

directly or indirectly in the interests of the Olympic Gardens business in respect to all of its activities and all persons employed by such business, the Order of the Bankruptcy Court specifically conferring upon him the "full, complete and absolute authority to operate, manage and run the O.G. Club and the Property; collect all proceeds generated by the O.G. Club and the Property; pay all expenses related to or incident to the O.G. Club and the Property; replace current employees or persons managing and operating the O.G. Club and the Property, and employ such persons as reasonably necessary to operate the O.G. Club and the Property in the Receiver's discretion; and have other such authority as may be necessary to exercise complete control over the O.G. Club and the Property and to manage and operate the O.G. Club and the Property." *See*, Ex. "A."

14. The defendants DOUGLAS D. GERRARD, DELORES ELIADES, and ARISTOTELIS ELIADES, did, in fact, exercise their aforesaid alleged powers to take action directly or indirectly in the interests of the Olympic Gardens business in respect to all of its activities and all persons employed by such business, and more specifically in respect to the plaintiff's employment in such business, and caused the violations of the FLSA of which the plaintiff complains, and became liable, personally, for such violations, as a result of the following:

(a) By expressly directing Olympic Gardens to employ the plaintiff without paying the plaintiff any wages whatsoever;

(b) By expressly directing Olympic Gardens to continue the employment of the plaintiff without paying the plaintiff any wages

6

whatsoever, despite being aware such non-payment of wages was occurring and having both the duty and power to have Olympic Gardens pay the plaintiff at least the minimum wage required by the FLSA;

(c) By refusing to authorize Olympic Gardens to pay the plaintiff at least the minimum wage required by the FLSA despite being advised by subordinate managers of such business who followed their directions and acted under their authority that plaintiff was being no paid no wages whatsoever and requesting that, or advising that, or otherwise opining that, the defendants should authorize and/or direct Olympic Gardens to pay at least the minimum wage required by the FLSA to the plaintiff;

(d) By consciously allowing, suffering and permitting the plaintiff to work for, and be employed by, the Olympic Gardens business without the payment of any wages whatsoever despite being the persons controlling, directing and managing such business who would have to approve any payment of wages to the plaintiff for such work and willfully and/or consciously failing to take any action whatsoever to have the plaintiff paid the minimum wage required by the FLSA.

15. The aforesaid acts and/or omissions of the defendants alleged in paragraph 14 were taken by the defendants directly and/or indirectly in the interests of the Olympic Gardens's business in that such business was materially advanced, and profited, by the violations of the FLSA that the defendants directed, allowed, permitted and/or suffered, in that the

Olympic Gardens obtained the plaintiff's labor, which was valuable and useful for its business and its profit making goals, without any cost whatsoever and in violation of the FLSA's minimum wage standards.

### AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST THE ALL DEFENDANTS

16. Pursuant to the applicable provision of the FLSA, 29 U.S.C. §§ 206 and 207, the plaintiff was entitled to a minimum wage and an overtime hourly wage of time and one-half his regular hourly wages for all hours worked in excess of forty hours per week, the plaintiff worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime payments, including failing to make any payments to the plaintiff whatsoever.  During at least a six (6) month period from approximately November 2014 through May 2015, the plaintiff was required by the defendants to work approximately six (6) days per week for a total of approximately sixty (60) hours per week for which he was not compensated with minimum wages nor overtime wages.

17. The plaintiff seeks, on this First Claim for Relief, a judgment for unpaid overtime wages and unpaid minimum wages and additional liquidated damages of 100% of any unpaid minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by the plaintiff, and the plaintiff also seeks an award of attorneys' fees, interest and costs as provided for by the FLSA.

///

///

WHEREFORE, plaintiff demands the relief on the cause of action as alleged aforesaid and such other relief as the Court deems just.

Plaintiff demands a trial by jury on all issues so triable.

Dated this 9th day of November, 2015.

          Leon Greenberg Professional Corporation

          By: /s/ *Leon Greenberg*
          LEON GREENBERG, Esq.
          Nevada Bar No.: 8094
          2965 South Jones Blvd- Suite E3
          Las Vegas, Nevada 89146
          (702) 383-6085

          Attorney for Plaintiff

CONSENT TO JOINDER

Bryan Gonzalez by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Bryan Gonzalez